```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- X
ALTERNATIVE INVESTMENT SOLUTIONS    :
(GENERAL) LIMITED,                  :
     as assignee of                 :
     Demelza Holding Limited,       :
                                    :
                    Plaintiff,      :
          -v.-                      :         12 Civ. 6612 (JFK)
                                    :           OPINION & ORDER
NEXT UP FUNDING, INC.,              :
JASON E. WRIGHT,                    :
     a/k/a "Jay Wright,"            :
ISRAEL J. HAGER,                    :
WGC GROUP, INC.,                    :
GEOFFREY H. LUNN,                   :
VINCENT CURRY,                      :
MICHAEL SCHMIDT,                    :
WERNER F. ROBLES,                   :
                                    :
                    Defendants.     :
----------------------------------- X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Feb. 4, 2013
```

APPEARANCES:

    For Plaintiff:
    Jami Mills Vibbert
    FULBRIGHT & JAWORSKI L.L.P.

    Defendant Israel Hager, pro se

**John F. Keenan, United States District Judge:**

   Before the Court is Plaintiff Alternative Investment Solutions's ("Plaintiff" or "AIS") motion for default judgment against Defendants Next Up Funding, Inc., Israel J. Hager, WGC Group, Inc., Geoffrey H. Lunn, and Werner F. Robles.  One of these defendants, Israel Hager, has filed an objection to entry of default and a motion for leave to file an untimely motion to

1

dismiss. Defendant Hager's motions are granted in part, as set forth below.

## I. Background

Plaintiff is the assignee of Demelza Holding Limited ("Demelza"), which was formed to raise funding for a proposed resort in Long Island. Plaintiff alleges that Defendants Next Up, Hager, and Jason Wright ("Wright") induced Demelza to participate in an investment scheme that was actually a fraud. The scheme was sold to Demelza as "internal transaction whereby Next Up would lease cash-backed bank instruments using an investment from a client such as Demelza, leverage that money, and then provide the client with a guaranteed return on its investment." (Compl. ¶ 16.) The complaint states that Defendant Wright promised in an email that the scheme was insured and guaranteed to produce a return. (Id. ¶ 17.) It also alleges that Wright and Hager represented to Demelza's principals that they had backgrounds in finance. (Id. ¶ 32.)

Plaintiff further claims that on the strength of these promises, Demelza executed an agreement on October 13, 2010 (since assigned to Plaintiff) to provide $1 million to Next Up with the expectation of receiving at least $7.2 million in return. The same day, Demelza wired $1 million to an escrow

agent, which in turn wired the funds to Next Up the following day, less a $10,000 fee. (Id. ¶¶ 33-47.)

According to Plaintiff, Defendants never provided a return on the investment to Demelza. Instead, Next Up disbursed the almost $1 million to Defendant WGC in two separate wire transactions on October 25 and November 2, 2010. This was done according to an agreement between Next Up and an entity, "Concord Latin America, S.A./Dresdner Financial (DresdnerFinancial.com)." Plaintiff claims that this entity is a front used by Defendants WGC, Lunn, Robles, Vincent Curry, and Michael Schmidt to defraud, and that they have done so before, as evidenced by other legal actions filed against them. (Id. ¶¶ 51-56.)

Plaintiff filed the complaint in this action on August 29, 2012, seeking money damages. Service was made on Defendants Next Up, Hager, WGC Group, Lunn, and Robles over the next several weeks.[1] On September 21, 2012, Defendant Lunn wrote a letter to the Court, advising that he intended to repay the funds. By Memo Endorsement, the Court directed him to contact Plaintiff's counsel by October 23, 2012. Lunn never did so. Defendant Robles answered the complaint on October 2, 2012. Defendants Next Up and WGC Group have not answered or otherwise

---

[1] Defendant Wright was also served, but advised that he filed for bankruptcy in May 2012. Defendants Vincent Curry and Michael Schmidt were never served.

3

appeared in this action, and no attorneys have filed notices of appearance on their behalf. Cf. Grace v. Bank Leumi Trust Co., 443 F.3d 180, 192 (2d Cir. 2006) (noting that corporations must appear by counsel and cannot proceed pro se).

Defendant Hager's answer was due to the Court on September 21, 2012.  He failed to answer or otherwise respond to the complaint by that date.  On October 5, 2012, Hager (representing himself pro se) filed a motion requesting a thirty-day extension to respond.  The Court granted Hager's motion, extending his time through October 25, 2012.  However, on October 25, 2012, Hager filed another motion for a thirty-day extension.  The Court granted Defendant's motion, extending his response deadline to November 23, 2012, but stated that "no further extensions will be granted." (ECF No. 18.)  Nevertheless, after the pretrial conference on November 15, 2012, the Court agreed to extend the answer deadline for all Defendants one final time, to December 21, 2012. (ECF No. 19).  The Court's Order directed, "As to any defendants who have not filed an Answer by December 21, 2012, Plaintiff is entitled to move for entry of default judgment and is not required first to bring an Order to Show Cause." Id.  No Defendants have filed an answer since the date of that Order.

4

On January 2, 2013, Plaintiff moved for certification of default under Rule 55(a) of the Federal Rules of Civil Procedure as to Defendants Next Up, Hager, WGC Group, and Lunn.  The Clerk of Court certified default as to these Defendants on January 3, 2013.  On January 9, 2013, however, Defendant Hager filed the instant motion objecting to entry of default and requesting leave to file a motion to dismiss.  Plaintiff filed its opposition to Hager's motion on January 17, 2013 and also moved for default judgment as to the defaulting Defendants, plus Defendant Robles, on the same day.  Finally, on January 24, 2013, Hager filed his reply.[2]

## II.  Discussion

### a.  Legal Standard

Federal Rule of Civil Procedure 55(a) directs the clerk of court to enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a); see City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011) (describing entry of default as "a ministerial step to be performed by the clerk of court").  Under Rule 55(c), entry of

---

[2] Hager's reply is twenty pages — double the limit set forth in this Court's individual practices.  The Court directs Hager to familiarize himself with these practices, which can be found at http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=635.

default may be set aside by a court "for good cause," which in the Second Circuit is evaluated in terms of these criteria: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the party for whom default was awarded; and (3) whether the moving party has presented a meritorious defense." Peterson v. Syracuse Police Dept., 467 F. App'x 31, 33 (2d Cir. 2012) (citing Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993)).

The first factor, willfulness, may be found "where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998). "Mere tardiness in meeting a court deadline does not establish a willful default," Gov't Emps. Ins. Co. v. Right Solution Med. Supply, Inc., No. 12-cv-0908, 2012 WL 6617422, at *3 (E.D.N.Y. Dec. 19, 2012), and "generally, in this Circuit, willfulness does not include careless or negligent errors even when the negligence is gross," Burns v. Dailey, No. 5:12-cv-0229, 2012 WL 6201831, at *3 (N.D.N.Y. Dec. 12, 2012) (citing Am. Alliance. Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996)).

The second factor, prejudice, refers to more than simple delay. See Enron Oil, 10 F.3d at 98. "Rather, it must be shown that delay will result in the loss of evidence, create increased

6

difficulties of discovery, or provide greater opportunity for fraud and collusion." Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983) (citation and internal quotation marks omitted); see also New York v. Green, 420 F.3d 99, 110 (2d Cir. 2005) (adding that delay may be prejudicial if it "thwart[s] plaintiff's recovery or remedy").

The final factor to be considered is whether the defendant has raised a meritorious defense. To decide whether this is so, the Court must consider "whether the evidence submitted, if proven at trial, would constitute a complete defense." Enron Oil, 10 F.3d at 98. "[T]he defendant need not establish his defense conclusively," nor must he show "a likelihood that it will carry the day." State St. Bank & Trust Co. v. Inversiones Errazuris Limitada, 374 F.3d 158, 167 (2d Cir. 2004) (internal citations and quotation marks omitted). Nevertheless, he "must present more than conclusory denials." Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 173 (2d Cir. 2001).

Second Circuit precedent is unclear on the question of how the "meritorious defense" factor should be weighed against the first two. At least one court has stated that "the absence of a meritorious defense is, on its own, enough to support entry of default judgment." Capital Records v. Defries, No. 11 Civ. 6808, 2012 WL 3041583, at *5 (S.D.N.Y. July 20, 2012) (citing State

7

St., 374 F.3d at 174; Sony Corp. v. Elm State Elecs., Inc., 800 F.2d 317, 320 (2d Cir. 1986)).  However, the Second Circuit has also vacated a district court's entry of default judgment after finding that willfulness and prejudice were not established. See Swarna v. Al-Awadi, 622 F.3d 123 (2d Cir. 2010).  Notably, the panel concluded that it did not need to "address the 'meritorious defense' prong to find that default judgment was improperly granted." Id. at 143.

What is certain is that the question whether to grant entry of default judgment or instead to vacate the entry of default is ultimately left "to the sound discretion of the district court." Enron Oil, 10 F.3d at 95.  This discretion is to be exercised in light of the fact that default judgment is "generally disfavored and . . . reserved for rare occasions." Mickalis, 645 F.3d at 129 (citations and internal quotation marks omitted); see also Luft v. Crown Publishers, Inc., 906 F.2d 862, 865 (2d Cir. 1990) ("A sanction so drastic as . . . entering a default judgment is not ordinarily imposed unless the disobedience has been willful, or in bad faith, or otherwise culpable.").  And the Second Circuit has repeatedly indicated that default is "particularly disfavored by the law when . . . substantial sums of money are demanded." Enron Oil, 10 F.3d at 97 (citing Sony Corp., 800 F.2d at 320).

Where default judgment is sought against a pro se defendant, the Second Circuit has stated that "[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983). Because Hager currently represents himself pro se, his submissions will be "liberally construed in his favor," Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)), and will be read "to raise the strongest arguments that they suggest," Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (citing Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)).

### b.  Application

In the instant case, Defendants Next Up, WGC Group, and Lunn have failed to appear, to answer the complaint, or move for vacatur of the entry of default against them. Entry of default judgment against those Defendants is therefore wholly appropriate.

Plaintiff's basis for default judgment against Defendant Robles is unclear. Robles answered the complaint pro se, and entry of default was neither requested of, nor entered by, the clerk of court. In its supporting declaration, Plaintiff

acknowledges that Robles filed an answer on October 2, 2012, but then erroneously includes Robles in this statement: "None of the Defaulting Defendants has answered or responded to the Complaint to date . . . [or] by December 21, 2012." (Decl. ¶¶ 10, 13.)  Default judgment against Robles is therefore inappropriate at this time.

As to Defendant Hager, Plaintiff urges that his default was willful, that setting the default aside would prejudice Plaintiff, and that Hager has asserted no meritorious defenses. These questions will be discussed in turn.

Plaintiff first argues that Hager's default was willful, pointing out that "Hager has consistently been able to file documents with the Court pro se, but has failed to file an answer or to otherwise respond to the Complaint." (Pl. Opp. at 3.)  Hager's response, in short, is that the difficulties of representing himself, combined with the effects of Hurricane Sandy on his family, hampered his efforts to timely respond to the complaint. (Reply at 5-6.)

To be sure, Hager has had more than enough time to answer or respond since September 2012, and he has missed three deadlines to do so.  On the other hand, Hager personally appeared at both pretrial conferences in this action.  And as Plaintiff notes, Hager has prepared several documents in

10

connection with Plaintiff's claim, evincing his intent to defend against it.  It is apparent to the Court that Hager's delays are not the result of bad faith or an intentional abuse of process but rather the failure to retain counsel and subsequent difficulties that may naturally arise when defending oneself <u>pro se</u> in federal court.  The Court therefore finds that Hager's default was not willful as understood in this Circuit.

The next factor is whether setting Hager's default aside would prejudice Plaintiff.  Plaintiff claims that it would, because "[a]ny further delay may materially impact Plaintiff's ability to recover . . . through postjudgment relief." (Pl. Opp. at 3.)  But Plaintiff does not explain why this is the case.  Indeed, it is not clear that any actual prejudice would flow from allowing Hager to respond to the complaint.  Doing so would not "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." <u>Green</u>, 420 F.3d at 110 (citations and internal quotation marks omitted).  And while it may be true that "Plaintiff's ability to recover at all is jeopardized by prolonged delay," P. Opp. at 3, nothing is stopping Plaintiff from pursuing recovery from the other defaulting Defendants once default judgment is entered against them.  The law is clear that delay alone is insufficient to find that Plaintiff has been prejudiced by Hager's default.

The final factor is whether Hager has presented a meritorious defense. Included in Hager's motion is a section entitled "Legal Grounds in Support of Automatic Dismissal if Motions for Leave to File Motion to Dismiss Is Granted." (Mot. at 5.) Because Hager proceeds pro se, the Court will construe these "grounds" as his defenses, and will also consider the defenses set forth in Hager's reply memorandum. See Reply at 12–19.

In their current state, Hager's defenses seem to be without merit. Some are factually untrue, such as the assertion that Plaintiff has admitted that Defendant Lunn "is the party with 100% liability" to the exclusion of Hager. (Mot. at 5.) The vast majority of Hager's defenses fatally misunderstand or misconstrue Plaintiff's claim against Hager such that there appears to be no "credible evidence of facts that would constitute a complete defense." State Farm Mut. Auto. Ins. Co. v. Cohan, 409 F. App'x 453, 456 (2d Cir. 2011) (citing Enron Oil, 10 F.3d at 98); cf. Am. Alliance Ins. Co., 92 F.3d at 61 ("A defense is meritorious if it is good at law so as to give the factfinder some determination to make." (citation and internal quotation marks omitted)).

Although the Court is not persuaded that Hager's defenses are meritorious, after weighing the three factors, the Court

nevertheless reluctantly concludes that it would be inappropriate to enter default judgment against Hager at this time.  Default judgment is "the most severe sanction which the court may apply," and the Court is mindful that Plaintiff seeks over $3 million from Hager — as far as he is concerned, a huge sum. Mickalis, 645 F.3d at 129; see Enron Oil, 10 F.3d at 97 (defaults "are particularly disfavored by the law when substantial rights are implicated, or when substantial sums of money are demanded." (citations omitted)).  If a large judgment is to be entered against Hager, it should be only after a fuller adjudication of the merits, and on the strength of briefing that is less cursory than what has been presented to the Court by both Plaintiff and Hager to this point.

The Court notes that its findings set forth in this opinion, specifically that Hager lacked willfulness and bad faith, are subject to Hager's future compliance with the schedule the Court sets below, as well as in the future.  Further disregard for this Court's orders will be considered evidence of "egregious and deliberate conduct," Am. Alliance Ins. Co., 92 F.3d at 61, and will weigh against Hager if questions of default arise again.

## III. Conclusion

The Clerk of Court is directed to vacate the entry of default as to Defendant Israel Hager. Hager's motion for leave to file a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted as follows: Hager's motion is due no later than March 1, 2013. Plaintiff's response is due April 1, 2013, and any reply by Hager must be filed no later than April 15, 2013 to be considered.

To the extent that Hager's motion seeks sanctions against Plaintiff's counsel under Rule 11 of the Federal Rules of Civil Procedure, or seeks leave to make such a Rule 11 motion, it is denied as utterly without merit.

Plaintiff's motion for default judgment as to Defendants Hager and Robles is denied. Plaintiff may submit an updated proposed default judgment order as to Defendants Next Up, WGC Group, and Lunn. Its request for costs associated with filing the request for entry of default is denied.

**SO ORDERED.**

Dated:   New York, New York
         February 4, 2013

                                    _____
                                    JOHN F. KEENAN
                                    United States District Judge

14